FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 26, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA R. C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No.  2:18-cv-00250-SMJ <br><br> **ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 11 & 19. Plaintiff appeals the Administrative Law Judge's ("ALJ") denial of her application for Supplemental Security Income. ECF No. 3. Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's symptom claims and (2) failing to properly consider and weigh the opinion evidence. ECF No. 11 at 14–19. The Commissioner of the Social Security Administration ("SSA") asks the Court to affirm the ALJ's decision. ECF No. 19.

After reviewing the record and relevant legal authorities, the Court is fully informed to make a decision prior to the hearing date for the motions. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Plaintiff's motion and grants the Commissioner's motion.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 1

# I. BACKGROUND[1]

Plaintiff applied for Supplemental Security Income on January 31, 2015. AR[2] 259–67. Plaintiff alleged disability beginning October 16, 2010. AR 259. The SSA denied Plaintiff's claims initially and upon reconsideration, and Plaintiff requested a hearing. AR 191–93. ALJ R. J. Payne presided over hearings on February 14, 2017, AR 87–108, and June 15, 2017, AR 109–53. The ALJ issued a decision unfavorable to Plaintiff. AR 15–36. The SSA Appeals Council denied Plaintiff's request for review. AR 1–4.

# II. ALJ FINDINGS[3]

At step <u>one</u>, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 31, 2015. AR 20.

At step <u>two</u>, the ALJ found Plaintiff has the following severe impairments: left foot bunion; low body mass index possibly due to history of irritable bowel syndrome, controlled by diet; exercise-induced asthma; major depressive disorder; and generalized anxiety disorder. AR 20.

At step <u>three</u>, the ALJ found Plaintiff's impairments do not meet or medically

---

[1] Detailed facts are contained in the administrative record and the parties' briefs.
[2] For ease and consistency with the parties' briefs, the Court cites to the consecutive pagination of the administrative record, which appears at ECF No. 8.
[3] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 19–20, and the parties do not dispute that standard. Accordingly, the Court does not restate the five-step process in this Order.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 2

equal the severity of a listed impairment. AR 23.

At step <u>four</u>, the ALJ found Plaintiff has the residual functional capacity to perform light work with certain limitations. AR 25. Specifically, the ALJ noted,

> [Plaintiff] can lift no more than 20 pounds at a time occasionally and lift or carry 10 pounds at a time frequently. Sitting is unlimited but stand and walk is limited to 4-6 hours in any combination in an 8-hour workday with normal breaks. She can occasionally engage in pushing/pulling of arm controls and foot controls with the left foot within weight limits above. She can occasionally climb ramps, stairs, ladders, and scaffolds, and only frequently engage in stooping, crouching, kneeling, crawling, and balancing. She should avoid concentrated exposure to heavy industrial-type vibration which might affect the left foot, pulmonary irritants, unprotected heights, and extreme cold. She can understand, remember, and carry out simple routine work instructions and work tasks and occasionally more complex work instructions and work tasks. She can have occasional contact with the general public and she can work with or in the vicinity of coworkers but not in a teamwork-type work setting. She can handle normal supervision but no over-the-shoulder or confrontational type of supervision.

AR 25.

Further, the ALJ found Plaintiff is unable to perform any past relevant work. AR 30.

Finally, at step <u>five</u>, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform considering her age, education, work experience, and residual functional capacity. AR 30. Accordingly, the ALJ determined Plaintiff was not disabled, as defined by the Social Security Act, since January 31, 2015. AR 31.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 3

## III. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11. Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Yet, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)).

## IV. ANALYSIS

**A. The ALJ reasonably assessed Plaintiff's symptom claims.**

Plaintiff contends the ALJ erred by improperly discrediting Plaintiff's

symptom claims. ECF No. 11 at 14–15. The Commissioner disagrees. ECF No. 19 at 4–10.

Where a claimant presents objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged, and there is no evidence of malingering, an ALJ "must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (quoting *Molina*, 674 F.3d at 1112). A finding that the claimant's testimony is not credible must be sufficiently specific to allow the Court to conclude the ALJ rejected it on permissible grounds and did not discredit it arbitrarily. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Plaintiff cites cases where the Ninth Circuit Court of Appeals found activities of daily living, such as grocery shopping, walking in the mall, watching television, and so forth, as not per se detracting from a claimant's credibility. *See, e.g.*, *Vertigan v. Halter*, 260 F.3d 1044 (9th Cir. 2001). Here, the ALJ noted in pertinent part:

> [Plaintiff's] activities of daily living during the period relevant to this adjudication are also not supportive of her allegation of total disability under the Social Security Act. For example, she repeatedly reports she has close friends with whom she stays; she rides her bike "everywhere"

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 5

> or walks, and engages in a wide variety of activities of daily living, including managing her money, laundry, prepares meals, and grocery shops (late at night).

AR 27 (citations omitted).

But Plaintiff fails to apply the law to this case or make any argument in support of her general contention. *See* ECF No. 11 at 14–15. An ALJ's findings may properly turn on whether a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job despite the claimant's claims of pain. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1112–13. The Court declines to step into the shoes of counsel and speculate why Plaintiff posits the ALJ erred, especially because the ALJ provided other reasons for discrediting her symptom claims—activities of daily living were not necessarily the only reasons provided.

For example, the ALJ specifically pointed to the lack of significant abnormalities in the medical record based on Plaintiff's mental status examinations and physical examinations. *See* AR 26–27. Moreover, the ALJ noted that medical treatment compliance has been an issue in this case, and that Plaintiff has never engaged in substantial gainful activity, raising some questions as to whether her current unemployment is truly the result of medical problems. AR 27; *see Fair*, 885 F.2d at 603 (noting that a claimant's unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment can cast doubt on the

sincerity of the claimant's pain testimony).

After reviewing the record, it is apparent to the Court that substantial evidence supports the ALJ's findings because the record contains enough relevant evidence to persuade a reasonable person to view Plaintiff's symptoms claims the way the ALJ did. In making his observations, the ALJ identified what parts of Plaintiff's symptom claims are not credible and what evidence undermines them. *See* AR 26–27. The ALJ's findings are sufficiently specific for the Court to conclude the ALJ rejected Plaintiff's symptom claims on permissible grounds and did not discredit them arbitrarily. Because the ALJ provided specific, clear and convincing reasons for discrediting Plaintiff's symptom testimony and applied the proper legal standards, the Court concludes the ALJ did not err.

**B.     The ALJ properly considered and weighed the opinion evidence.**

Plaintiff also contends the ALJ erred by failing to properly consider and weigh the opinion evidence. ECF No. 11 at 15–18. The Commissioner argues the ALJ properly resolved the medical evidence and that Plaintiff's "alternate interpretation of the medical and other evidence is insufficient" to justify overturning the ALJ's decision. ECF No. 19 at 10. The Commissioner is correct.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who

review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. *Id.* at 1202.

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (alteration in original) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). On the other hand, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Ryan*, 528 F.3d at 1198).

Here, the ALJ assigned great weight to the opinion of nonexamining doctor Judy Panek, MD; some weight to the opinion of nonexamining doctor Haddon Christopher Alexander, III, MD; great weight to the opinion of nonexamining doctor Glen A.E. Griffin, PhD; some weight to the opinion of examining doctor Nathan D. Henry, PsyD; and little weight to the opinion of examining doctor Kayleen Islam-Zwart, PhD. *See* AR 28–30.

Plaintiff contends the ALJ did not take into account the fact that Dr. Henry already considered the "normal findings" in his report prior to opining that Plaintiff

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 8

was not able to work. ECF No. 11 at 15. Similarly, she contends that the ALJ did not take into account the fact that Dr. Islam-Zwart would have considered the "normal findings" in reaching the conclusion about Plaintiff's diagnosis and mental limitations for work related activities. *Id.* at 16. In other words, Plaintiff argues the ALJ denied Plaintiff's claim just because there were some "normal findings" in Dr. Henry's and Dr. Islam-Zwart's reports, even though both doctors already accounted for those normal findings and still found limitations in Plaintiff's ability to work.

But the Court cannot reweigh the evidence and substitute its judgment for that of the ALJ. The ALJ's decision on this issue was rational and Plaintiff's mere disagreement with it does not mean the Court should disturb it. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Here, the ALJ provided a detailed summary of the facts, AR 20–23, and carefully made findings based on his interpretation of the evidence, AR 25–30. The ALJ specifically noted how one aspect of Dr. Henry's opinion—that Plaintiff's endorsement of symptoms "may" limit her willingness and ability to seek, obtain, and maintain employment—appeared to be based entirely on her own description of frequent panic attacks and generalized social avoidance behavior, and partially on her significant legal history and history of maladaptive substance use and risk

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 9

for relapse—none of which is a basis for disability under the Social Security Act. AR 29. The ALJ noted that Plaintiff's description of frequent panic attacks was not supported elsewhere in the record, and that Dr. Henry did not have occasion to observe her depression and anxiety during the mental status examination. AR 29. The ALJ's discussion of the normal findings was to show that she was without significant cognitive impairment. AR 29. These reasons are clear, convincing, specific, legitimate, and supported by substantial evidence.

      The same is true for the ALJ's assessment of Dr. Islam-Zwart's two opinions. The ALJ noted the bulk of the mental status examinations in the record are entirely within normal limits, and the record did not support any significant worsening in Plaintiff's mental health condition. AR 29. He noted there was no explanation for the reduction in a second test result compared to the normal test results from a previous evaluation. AR 29; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."). Finally, the ALJ noted that Dr. Islam-Zwart appeared to place "much reliance on the claims of an individual trying to obtain public assistance benefits and also placed much emphasis on her limited education, homelessness, and lack of work history." AR 30. Again, these reasons are clear, convincing, specific, legitimate, and supported by substantial evidence.

Because the ALJ applied the correct legal standards and the record contains enough relevant evidence to persuade a reasonable person to view Plaintiff's symptoms claims the way the ALJ did, the Court concludes the ALJ did not err.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

3. The ALJ's decision is **affirmed**.

4. The Clerk's Office is **DIRECTED** to **ENTER JUDGMENT** in the Commissioner's favor.

5. All pending motions are **DENIED AS MOOT**.

6. All hearings and other deadlines are **STRICKEN**.

7. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of June 2019.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 11